UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24400-DPG

**TERRI MARSHALL**,

    Plaintiff,

v.

**CARNIVAL CORPORATION**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and/or Strike Counts One and Two for Vicarious Liability, Count Three for Insufficient Lighting, and Count Four for Failure to Warn (the "Motion"). [ECF No. 12]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND[1]

During the week of May 20, 2023, Plaintiff was a passenger aboard Defendant's vessel, the *Celebration*. [ECF No. 10 ¶¶ 1, 11]. The *Celebration* has an outdoor common area on deck 18 (the "Common Area"). *Id.* ¶ 9. The Common Area has a step that leads to a lower area of the deck. *Id.* On the evening of May 26, 2023, Plaintiff went to the Common Area to join her husband and other family members. *Id.* ¶ 12. The Common Area was dark, and the step was not illuminated. *Id.* ¶ 11. Plaintiff did not see the step, misplaced her foot, fell to the floor, and lost consciousness. *Id.*

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

¶ 14. Plaintiff sustained severe injuries, including intracranial hemorrhage, an elbow fracture, and bruising. *Id.* ¶ 17–18.

In her Amended Complaint, Plaintiff set forth five claims against Defendant. In her vicarious liability claims, Plaintiff alleges that a crewmember responsible for ensuring that the step in the Common Area was properly illuminated (1) failed to turn on the lights near the step or turned off the lights when it was not safe to do so (Count I) and (2) failed to post a warning to alert passengers to the then-invisible step (Count II). *Id.* ¶¶ 21-22, 40. Because these purported failures occurred when the crewmember was acting within the course or scope of his or her employment with Defendant, Plaintiff alleges that Defendant is vicariously liable for the crewmember's negligence. *Id.* ¶¶ 23, 41. In Count III, Plaintiff alleges that Defendant breached its duty of reasonable care to Plaintiff by failing to provide sufficient lighting around the step. *Id.* ¶¶ 43-57. In Count IV, though titled "failure to warn", Plaintiff again argues that Defendant failed to provide sufficient lighting around the step. *Id.* ¶¶ 58-72. Finally, in Count V, Plaintiff alleges that Defendant negligently designed the single step change in elevation in the common area. *Id.* ¶¶ 73-89. There are no allegations in the Amended Complaint that Defendant had actual or constructive notice of the lighting issues with the step.

Defendant now moves to dismiss and/or strike Counts I-IV, arguing (1) Plaintiff's vicarious liability claims are direct liability claims in disguise and must be dismissed for failure to plead notice and (2) Plaintiff fails to allege actual or constructive notice for her direct liability claims for negligent maintenance and failure to warn. [ECF No. 12].[2] The Court first addresses Plaintiff's direct liability claims and then addresses whether Plaintiff's vicarious liability claims are sufficiently pled.

---

[2] Defendant did not move to dismiss Count V, Plaintiff's claim for negligent design.

**LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

**ANALYSIS**

**I.       Direct Liability Claims**

To bring a maritime negligence claim against a shipowner, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk creating condition . . . ." *Holland v. Carnival Corp.*, 50 F.4th

1088, 1094 (11th Cir. 2022) (internal quotation omitted). Therefore, "a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.* "Actual notice exists when the defendant knows about the dangerous condition." *Id.* "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Bujarski v. NCL*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016) (internal quotation omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Newbauer v. Carnival Corp.*, 26 F. 4th 931, 935 (11th Cir. 2022) (internal quotation omitted).

The Court finds that Plaintiff failed to allege with sufficient particularity that Defendant had actual or constructive notice of the dangerous conditions that caused her injuries. Indeed, the Amended Complaint is devoid of any allegation that Defendant was on notice of the lack of lighting near the steps. Accordingly, Counts III and IV shall be dismissed without prejudice.[3]

## II.     Vicarious Liability Claims

In Count I, Plaintiff alleges that a member of Defendant's crew "responsible for ensuring that the area was properly illuminated" breached his or her duty to Plaintiff by either failing to turn on the lights in the Common Area or in turning off the lights when it was not safe to do so. [ECF No. 10 ¶ 22]. In Count II, Plaintiff alleges that a member of Defendant's crew, also responsible for ensuring that the area was illuminated, failed to warn passengers about the step in the Common

---

[3] Count IV is also subject to dismissal because, despite its label as a "Failure to Warn" claim, the Count fails to set forth any allegations about Defendant's failure to warn. Rather, it merely repeats the allegations from Count III.

Area. *Id.* ¶ 40. Defendant argues that these counts are direct liability counts in disguise and must be dismissed. The Court disagrees.

In *Yusko v. NCL (Bahamas) Ltd.,* the Eleventh Circuit addressed "the very different concepts of direct and vicarious liability[]" in the context of maritime negligence actions. 4 F.4th 1164, 1169 (11th Cir. 2021). "If a shipowner breaches [its duty to exercise ordinary reasonable care to passengers] in a way that injures a passenger, then it may be directly liable to that passenger under maritime law." *Id.* In those direct liability actions, "the notice requirement govern[s] because the passengers allege[] wrongdoing by the shipowner itself." *Id.* However, "the scope of a shipowner's duty has nothing to do with vicarious liability, which is not based on the shipowner's conduct." *Id.* Rather, "[w]hen the tortfeasor is an employee, the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the negligent acts of [that] employee acting within the scope of employment." *Id.* (internal quotation omitted). In those vicarious liability actions, "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Id.* at 1170. In discussing the differences between these theories of liability, the Eleventh Circuit noted that "[a] plaintiff is the master of his or her complaint any may choose to proceed under a theory of direct liability, vicarious liability, or both." *Id.*

Here, Plaintiff chose to allege both direct and vicarious liability claims against Defendant. Despite Defendant's argument to the contrary, the Eleventh Circuit in *Yusko* clearly contemplated actions in which a plaintiff pleads both direct and vicarious liability claims. *Id.* And the majority of judges in this District have held that "*Yusko* does not bar a plaintiff from asserting negligent-maintenance or failure-to-warn claims under a theory of vicarious liability." *Branyon v. Carnival*, No. 24-cv-20576, 2024 WL 3103313, at *4 (S.D. Fla. Jun. 24, 2024). *See also Benson v. Carnival*,

2024 WL 964235, at *4 (S.D. Fla. Mar. 6, 2024) (holding that a plaintiff is "entitled to plead [vicarious-liability] claims in the alternative" to direct-liability claims for negligent maintenance or negligent failure to warn); *Coletti v. Carnival Corp.*, 2024 WL 580355, at *3 (S.D. Fla. Feb. 13, 2024).[4]

Defendant also argues that Plaintiff fails to name a specific employee who was negligent and that, therefore, her vicarious liability claims fail, citing *Yusko* and *Holland*. Defendant's argument is without merit.

In *Yusko*, the Eleventh Circuit noted that sometimes "a passenger will not be able to identify any specific employee whose negligence caused her injury" and, therefore, would be limited a direct liability claim. 4 F.4th at 1170. Here, Plaintiff alleges that a specific employee's negligence caused her injury—namely the crewmember who was responsible for making sure the Common Area on Deck 18 was illuminated. *See* [ECF No. 10 ¶¶ 22, 40]. While Plaintiff might not have the exact name of that employee, at this stage of the litigation, she has alleged enough to state a vicarious liability claim. *See Mclean v. Carnival Corp.*, No. 22-23187-CIV, 2023 WL 372061, at *1 (S.D. Fla. Jan. 24, 2023) (holding that there was no requirement for the plaintiff to specifically name crewmembers at the motion to dismiss stage and that "it would seem fundamentally unfair to require the Plaintiff to remember the names of each crewmember involved in the incident simply to file a complaint."); *Davis v. Carnival Corp.*, No. 22-CV-24109, 2023 WL 5955700, at *4 (S.D. Fla. July 31, 2023); *Hunter*, 609 F. Supp. 3d at 1311 n.3 (finding it sufficient that the purportedly negligent employee was identified by position, ship assignment, and conduct).

---

[4] Defendant cites to *Britt v. Carnival Corp.*, 580 F. Supp. 3d 1211 (S.D. Fla. 2021) and *Worley v. Carnival Corp.*, Case No. 21-23501, 2022 WL 845467 (S.D. Fla. Mar. 22, 2022) to support its argument that claims for negligent maintenance and failure to warn can only be alleged as direct liability claims. The Court disagrees with *Britt* and *Worley's* restrictive view of *Yusko* and follows the cases in this District holding otherwise.

Moreover, Defendant's reliance *Holland* is misplaced. There, the plaintiff had "not identif[ied] any specific crewmember whose negligence caused [his] injury . . . ," and "other than the claims' titles and the conclusory allegation that Carnival was vicariously liable, there [was] nothing in the complaint that would lead one to understand [the plaintiff's] claims as seeking to impose liability for an employee's negligence." 50 F.4th at 1094-95. Indeed, in *Holland*, the plaintiff only alleged that Carnival—not a crewmember—owed him a duty of reasonable care. *Id.* at 1094. Here, Plaintiff (1) identified a crewmember, albeit not by name, (2) alleged that Defendant and its crew owed her a duty of reasonable care, [ECF No. 10 ¶¶ 2, 38], and (3) alleged that the crewmember failed to illuminate the Common Area and failed to place adequate warnings about the step. The Court finds that Plaintiff has adequately alleged her vicarious liability claims. Accordingly, Defendant's motion to dismiss Counts I and II is denied.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, [ECF No. 12], is **GRANTED as to Counts III and IV and DENIED as to Counts I and II.**

2. Counts III and IV of the Amended Complaint [ECF No. 10] are **DISMISSED** without prejudice.

3. Plaintiff may file a Second Amended Complaint on or before September 17, 2024.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of September, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE